Gail GRAY

v.

LONG JOHN SILVERS, INC., Long John Silvers Restaurants, Inc., d/b/a Long John Silvers, Inc., and Barbara Bennett.

Civ. A. No. G-94-805.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 16, 1995.

Richard Joseph Plezia, Jim S. Adler, Houston, TX, for plaintiff.

John Philip Griffis, Hays McConn Rice & Pickering, Houston, TX, for defendants.

### ORDER GRANTING REMAND

KENT, District Judge.

This is a personal injury suit in which Plaintiff Gail Gray ("Gray") alleges that she was injured by being directed by Barbara Bennett ("Bennett") to lift boxes of shorten-ing at the Long John Silvers Restaurant ("Long John Silvers") where she worked. Plaintiff originally brought this suit in the 239th Judicial District Court of Brazoria County, Texas, and Defendants removed to this Court. Before the Court now is Plaintiff's Motion to Remand this suit to state court. For the reasons stated below, the Court finds that Plaintiff's Motion should be GRANTED.

[1, 2] It is well settled that a court should disregard the citizenship of any Defendant whose joinder has been made primarily to defeat diversity jurisdiction. *Grassi v. Ciba-Geigy, Ltd.,* 894 F.2d 181 (5th Cir.1990). It is undisputed in this case that Long John Silvers is a foreign corporation licensed to do business in Texas. However, Plaintiff and Defendant Bennett are both residents of this state. Defendants removed this cause of action to federal court on the theory that Bennett had been fraudulently joined in this suit, and that once she was removed from this proceeding, this Court would have proper subject matter jurisdiction based on complete diversity of citizenship. The Court disagrees.

Despite Defendants' puzzling assertion that Plaintiff has asserted only a premises liability claim and a failure to provide a safe workplace claim against Defendant Bennett, it is obvious that Plaintiff has clearly asserted a negligence action against Bennett as well. (See Plaintiff's Original Petition, at 5). Whether this allegation will ultimately be supported by any factual basis remains to be seen. Given that Plaintiff's employer does not subscribe to the Texas Workers' Compensation System, it is clear that Gray is not automatically precluded from recovering from a fellow employee for personal negligence. "The fact that an injury occurred in the course of an employee's employment does not disentitle the injured employee to recover from the negligent employee personally, whether he is a fellow employee or not." 33 Tex.Jur.3d 362 (1984).

Although the Court bases its decision in this matter exclusively on the grounds that it does not have subject matter jurisdiction over this case, the Court also notes that

Defendants have failed to satisfy the clear language of 28 U.S.C. § 1446(a), which governs the procedure for removal of cases from state to federal courts. That statute reads:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Even a cursory glance at the removal petition filed by Defendants shows that they made no attempt whatsoever to include the state-court pleadings in their Notice of Removal, as the statute clearly and unambiguously requires. Had the Plaintiff herself not filed a copy of the Original Petition first filed in state court, this Court would not have been able to determine whether or not Gray actually made a claim of negligence against Defendants or not.

Having decided this case should be remanded to state court, however, this Court admits that it is disturbed by the continued presence of Defendant Bennett in this suit. If Bennett's joinder is not fraudulent, it is at least troubling to this Court because claims against fellow employees—even where the employer does not subscribe to the Workers' Compensation System—has the effect of depressing morale in the workplace, complicating management-labor relations, and creating an atmosphere of defensive action on the part of supervisors that the Court finds utterly destructive to the proper conduct of business. Such effects are almost certainly what the Texas legislature intended to overcome by enacting the Workers' Compensation System, and the Court would prefer to further such goals as a matter of public policy. Nevertheless, the Court cannot say as a matter of law that Plaintiff has stated *no* possible legitimate cause of action against Bennett, and thus there is incomplete diversity in this case.

For this reason, the Court finds that it is lacking in subject matter jurisdiction over the above-captioned cause of action, and Plaintiff's Motion to Remand is **GRANTED**. Accordingly, this suit is hereby **REMANDED** to the 239th Judicial District Court of Brazoria County, Texas, which has full authority to decide all issues in this case, including Defendants' Motion to Dismiss and Motion for Summary Judgment, and Plaintiff's Motion to Dismiss and Motion for Summary Judgment, which this Court declares to be **MOOT**.[1] All relief not specifically granted herein is **DENIED**. It is further **ORDERED** that the parties file no further pleadings in this matter, such as motions to reconsider and the like. Instead, the parties are instructed to seek whatever relief they feel themselves entitled in the courts of the state of Texas, as may be appropriate in due course.[2]

**IT IS SO ORDERED.**

---

1. The Court notes that these "motions" by the parties consist of little more than two *pro forma* paragraphs attached to the end of their Responses to the Motion for Remand. The Court would remind the parties, however, that the inclusion of affidavits converts a Motion to Dismiss into a Motion for Summary Judgment, rendering the instant Motion to Dismiss doubly moot.

2. *See* 28 U.S.C. § 1447(d) (denying appellate review of a remand order based on lack of subject matter jurisdiction).